Opinion of the Court, by
Judge Mills.
THIS is'a warrant for a forcible entry and detainer, ¡ned in the country, ana the defendant there, now defendant in error, found guilly, generally. On the trial in the circuit court, on a traverse, the jury found the inquest in the country not true; and to reverse the judgment thereon, this writ of error is prosecuted.
A general verdict in forcible entry and detainer, •where the defendant is guilty as to part of the, premises mentioned in the warrant, is good.
Evidence by the dei'end’t in forcible entry and de-tainer, of an equitable title in himself to the promises, is palpably inadmissible.
The warrant contains the cbargo íbr a-i .rcible entry into, and detainer of one house, 011c'kitchen, and one field. The evidence in-the circuit court conduced to show that the defendant only forcibly entered into, and detained one part of.the house, or one room thereof, of which the plaintiff had the entire .possession at the time of the entry, he, the defendant, having, with the assent of the plaintiff', some time since entered into the other room, and held the exclusive possession thereof* and having made no forcible entry into that part, or detained it violently.
The defendant thereupon moved the court to instruct the jury, that unless they believed from the evidence that tiie defendant detained by force, all the premises in the warrant mentioned, including both rooms of the house and the field, they must find for said defendant, that the inquisition was untrue. This, instruction the court accordingly gave, and the jury consequently found for him throughout.
The instruction given by the court is directly in the teeth of the decision of this court in the case of Atchley vs Laikam, 3 Marsh. 164, and therefore ought not to have been given. We refer to that case, as a. complete answer to the instructions given, and do not deem it necessary to repeat the reasoning on which that decision is founded, or to add others to support it.
The only remaining question which we shall notice, arises from this state of fact: The parties entered into the premises, claiming the same by a joint deed to them; but kept, for their own convenience, the possession separate and of distinct parcels; and no doubt that, under,our statute, one, under such circumstances, could be guilty of a forcible entry on the separate possession of the other, without regard to the joint nature of the title, whatever the law might be with regard to a recovery in trespass, Thereafter, the part of the defendant was sold under execution, by the sheriff, on the premises, and purchased by a certain Reuben Boston. The sheriff, at the time, told Boston that he gave him possession thereof, but did not turn the defendant out., Boston sold and conveyed the land, after receiving the sheriff’s deed, to Marshall M’Clanahan, who thereafter sold and conveyed it to the plaintiff, the defendant still-remaining in possession; and ^ome time after this, the defendant extended his possession, and took the other *39 room of «he house, wbh tin eats.- These conveyances were given in evidence, and admitted by the court, to show b^npilarics of possession.
Monroe, for plaintiff; Sharp, for defendant.
i'hc counsel,'hr the defendant oiJere'J to prove the statements of B.fafoK that he had made the purchase at the sheriff’s sale, lot the defendant., This evidence was objected to, but-admitted by the Court.
We cannot perceive any reason for-the admission of this evidence* The design of it must have been to impeach the title of the plaintiff derived under the sheriff’s sale, mediately from Boston. Had the title of the plaintiff been in issue, in a real or mixed action, it could not have been proper to permit the defendant to prove an equity in himself, to defeat the action, by showing that Boston was his trustee. But as the title was not in issue, the evidence is still more palpably inadmissible. The possession in fact was the inquiry, let the right be as it might; and these deeds could only be used to show the extent of that possession. Tolera* ting, therefore, an inquiry into the title, and showing that the defendant held an equity therein, was calculated to lead the minds of the jury to enquire into what was not before them; and, to say the least of it, the evidence was wholly irrelevant, and ought to have been excluded.
The decision on these points renders it unnecessary to ffotice the motion for a new trial, which was made and overruled.
The judgment must be reversed, and the verdict set aside with costs, and the cause be remanded for new proceedings not inconsistent with this opinion.